IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PETS TV, INC.<br><br>        Plaintiff,<br><br>        v.<br><br>ENTERTAINMENT STUDIOS NETWORKS, INC.,<br><br>        Defendant. | CIVIL ACTION NO: 1:09-cv-389 |

**COMPLAINT**

The Plaintiff, Pets TV, Inc. ("Pets TV"), by its attorneys, as and for its Complaint herein against the Defendant Entertainment Studios Networks, Inc. ("Defendant"), alleges the following:

**PARTIES**

1.    Pets TV, Inc. is a corporation duly organized and existing under the laws of the State of North Carolina, having its principal place of business in Burlington, North Carolina.

2.    Defendant is a corporation duly organized and existing under the laws of the State of California with its headquarters in Los Angeles, California.

**JURISDICTION AND VENUE**

3.    This is a civil action for trademark infringement, false designation or origin, and unfair competition arising under the Trademark Act of 1946 (the "Lanham Act"), as amended 15 U.S.C. § 1051 *et seq.* Accordingly, this court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Sections 1331 and 1338(a) and 15 U.S.C. § 1121 in that this action arises in part under 15 U.S.C. § 1125. This Court also has jurisdiction of this matter pursuant to

28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000. In addition to diversity jurisdiction, this Court also has jurisdiction over Pet TV's state law claims under 28 U.S.C. § 1338(b) because these claims are joined with substantial and related claims under federal trademark law, and pursuant to the doctrine of supplemental jurisdiction.

4. This court has personal jurisdiction over Defendant pursuant to the provisions of N.C. Gen. Stat. § 1-75.4 and the underlying due process principles of the United States Constitution. Defendants are doing business in this state and district, have significant contacts in this state and district, have provided infringing services in this state and district, and have committed acts in this state and district that are subject of the counts set forth herein.

5. Venue is properly laid in this Court pursuant to 28 U.S.C. Sections 1391(b) and (c) and 1400 (b), as, the Defendant has engaged in acts of infringement within the jurisdiction of this Court, including this judicial district, which acts are the subject of this Complaint.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

6. Pets TV is the owner of U.S. Trademark Registration Nos.: 3,046,128 for PETSTV for provide information via a global information network in the fields of pet care in Class 44; 3,049,973 for PETSTV.COM for providing information via a global computer information network in the field of pet care in Class 44; and 3,119,348 for PETS TV for provide information via a global computer information network in the fields of pet care in Class 44.

7. Pets TV's U.S. Trademark Registration No. 3,046,128 for PETSTV was registered on January 17, 2006. A true and correct copy of Pet TV's registration, which is valid and existing, unrevoked, and uncancelled, is attached hereto as Exhibit A.

2

8. Pets TV's U.S. Trademark Registration No. 3,049,973 for PETSTV.COM was registered on January 24, 2006. A true and correct copy of Pet TV's registration, which is valid and existing, unrevoked, and uncancelled, is attached hereto as Exhibit B.

9. Pets TV's U.S. Trademark Registration No. 3,119,348 for PETS TV was registered on July 25, 2006. A true and correct copy of Pets TV's registration, which is valid and existing, unrevoked, and uncancelled, is attached hereto as Exhibit C.

10. Pets TV's first introduced its services to the market under its PETSTV trademark at least as early as November of 2004 and has enjoyed continuous and substantially exclusive use of the mark since that time.

11. Pets TV's first introduced its services to the market under its PETSTV.COM trademark at least as early as November of 2004 and has enjoyed continuous and substantially exclusive use of the mark since that time.

12. Pets TV's first introduced its services to the market under its PETS TV trademark at least as early as December of 2004 and has enjoyed continuous and substantially exclusive use of the mark since that time.

13. Since its introduction, Pets TV's advertising and sale of its PETSTV, PETSTV.COM, and PETS TV services (collectively, the "Pets TV Services") have been considerable. In the past four and a half years, Pets TV has spent in excess of $200,000.00 to advertise and promote its PETS TV Services and sales from Pets TV's website at www.goldenpawsonline.com, which is linked to Pets TV's www.petstv.com website, have exceeded $200,000.00.

14. Based upon the continuous and substantially exclusive use of the PETSTV, PETSTV.COM, and PETS TV trademarks (collectively, the "PETS TV Trademarks"), and as a

3

Case 1:09-cv-00389-UA-PTS    Document 1    Filed 05/29/09    Page 3 of 12

consequence of the extensive advertising, promotion and sale of services under the PETS TV Trademarks, PETS TV Trademarks have become exceedingly strong, and Pets TV has acquired secondary meaning in its PETS TV Trademarks in the minds of the consuming public. The public has come to recognize the PETS TV Trademarks as representing the quality and value of Pets TV's services, identifying the Pets TV Services as coming from a single source and distinguishing the PETS TV Services from other services provided and marketed by other sources.

15. Pets TV has developed and acquired a valuable reputation in the minds of the consuming public in connection with its services offered in connection with the PETS TV Trademarks and has enjoyed the goodwill associated therewith. The PETS TV Trademarks are today among Pets TV's most valuable assets.

16. Defendant currently markets, provides, and otherwise promotes online and broadcasted television programming in the field of pet care under the mark "Pets.TV"

17. Defendant's Pets.TV services are advertised on Defendant's website at www.es.tv/category/shows/petstv, a true and correct copy of which is attached hereto as Exhibit D.

18. Defendant was aware or should have been aware of the existence of Pets TV's federally registered PETS TV Trademarks prior to its adoption and use of a trade name identical to the PETS TV Trademarks.

19. Defendant was aware or should have been aware that the trade and purchasing public recognize and rely upon the PETS TV Trademarks to identify Pets TV's services and to distinguish Pets TV's services from the services of others.

4

20. Defendant was aware or should have been aware that its use of the Pets.TV mark in connection with providing and marketing its online and broadcasted television programming services in the field of pet care was likely to confuse, mislead and otherwise deceive consumers into believing that Defendant's services either originate from or are licensed, sponsored, approved or authorized by Pets TV.

21. Defendant's acts have caused confusion among the consuming public and viewers of pet care information as to the source, approval, sponsorship or affiliation of Defendant's services with the like services of Pets TV.

22. Defendant has taken advantage of and sought to trade upon the reputation and goodwill developed by Pets TV in connection with its PETS TV Trademarks and to capitalize on the market created by Pets TV for its Pets TV Services.

23. Defendant's acts were committed with the intent to confuse or deceive the consuming public into believing that Defendant's services either originate from or are licensed, sponsored, approved or authorized by Pets TV.

24. Defendant's acts will likely induce consumers to believe that the same company provides both Pets TV's services and Defendant's services. Defendant's acts will also likely induce other consumers to access Defendant's services in the mistaken belief that they have actually accessed Pets TV's services.

25. As a result of Defendant's conduct, Pets TV has suffered and, unless enjoined by this Court, will continue to suffer damage to its business, reputation and goodwill.

26. The infringing activities of Defendant are wanton, willful and deliberate.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement in Violation of Lanham Act § 32)

27. Pets TV hereby alleges and incorporates by reference the allegations of Paragraphs 1 through 26 above.

28. As alleged in Paragraphs 6 through 9 above, Pets TV's is the owner of U.S. Trademark Registration Nos. 3,046,128 for PETSTV, 3,049,973 for PETSTV.COM, and 3,119,348 for PETS TV, all for providing information via a global network in the field of pet care.

29. Using the trade name "Pets.TV" and domain name www.pets.tv (which is redirected to Defendant's website at www.es.tv that promotes Defendant's Pets.TV services), Defendant provides, markets, and/or advertises its online and broadcasted television programming services in the field of pet care.

30. Defendant's use of the trade name "Pets.TV" and domain name www.pets.tv are likely to cause confusion, to cause mistake or to deceive.

31. Defendant's acts are without license, consent or permission of Pets TV.

32. Defendant's acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

33. Defendant's conduct has caused and continues to cause irreparable injury to Pets TV and to its goodwill and reputation, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to Pets TV for which there is no adequate remedy at law.

6

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin, Unfair Competition, and Cybersquatting in Violation of Lanham Act §§ 43(a) and 43(d))

34. Pets TV repeats and reincorporates each and every allegation contained in Paragraphs 1 through 33 above as if fully set forth herein.

35. Defendant's use of the trade name "Pets.TV" and domain name www.pets.tv in connection with its services falsely designate and misrepresent the origin of said services and are likely to cause confusion, to cause mistake or to deceive as to the affiliation, connection or association of Defendant with Pets TV or as to the sponsorship or approval of Defendant's services by Pets TV.

36. Defendant had and still has a bad faith intent to profit the PETS TV Trademarks by registering and using the domain name www.pets.tv, which is confusingly similar to the PETS TV Trademarks.

37. Defendant's acts are without license from or permission of Pets TV.

38. Defendant's acts constitute false designation of origin, unfair competition, and cybersquatting in violation of Sections 43(a) and 43(d) of the Lanham Act, 15 U.S.C. §§1125(a) and 1125(d).

39. Defendant's conduct has caused and continues to cause irreparable injury to Pets TV and to its goodwill and reputation, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to Pets TV for which there is no adequate remedy of law.

## THIRD CLAIM FOR RELIEF
### (Violation of North Carolina Unfair and Deceptive Trade Practices Act §75-1.1)

40. Pets TV repeats and reincorporates each and every allegation contained in Paragraphs 1 through 39 above as if fully set forth herein.

41. Defendant is confusing the public, is competing unfairly and is employing deceptive trade practices.

42. Defendant's acts are without license, consent or permission of Pets TV.

43. Defendant's acts constitute trademark infringement and unfair competition in violation of N.C. Gen Stat. § 75-1.1 and the common law of the State of North Carolina.

44. Defendant has similarly violated the comparable statutory and common law of each and every state in which Defendant uses the trade name "Pets.TV" and domain name www.pets.tv in connection with its online and broadcasted television programming services in the field of pet care.

45. Defendant's conduct has caused and continues to cause irreparable injury to Pets TV and to its goodwill and reputation, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to Pets TV for which there is no adequate remedy of law.

## FOURTH CLAIM FOR RELIEF
### (Common Law Misappropriation)

46. Pets TV repeats and reincorporates each and every allegation contained in Paragraphs 1 through 45 above as if fully set forth herein.

47. Pets TV has devoted and expended substantial time, energy, effort and resources in order to create and develop the PETS TV Trademarks as an indicator of source and quality. Pets TV has also devoted and expended substantial time, energy, effort and resources in marketing, advertising, selling and otherwise promoting its PETS TV Services. In addition, Pets

8

TV has expended substantial time, energy, effort and resources to develop and maintain its reputation in connection with its PETS TV Services.

48. Said efforts have resulted in tremendous commercial value of and interest in the PETS TV Trademarks.

49. Defendant has used the PETS TV Trademarks as its own.

50. Defendant's acts are without license, consent or permission of Pets TV.

51. Defendant's acts constitute misappropriation of Pets TV's commercial value of and interest in its PETS TV Trademarks in violation of the common law of the State of North Carolina.

52. Defendant has similarly violated the comparable statutory and common law of each and every state in which Defendant uses the trade name "Pets.TV" in connection with its online and broadcasted television programming services in the field of pet care.

53. Defendant's conduct has caused and continues to cause irreparable injury to Pets TV and to its goodwill and reputation, and unless said conduct is restrained by this Court, will continue to cause irreparable injury to Pets TV for which there is no adequate remedy of law.

## Prayer for Relief

WHEREFORE, Pets TV prays for judgment as follows:

1. For a trial by jury on all issues so triable.

2. The Defendant, its officers, agents, coconspirators, servants, affiliates, employees, successors, and assigns, and all those in privity or acting in concert with Defendant, be preliminarily and permanently enjoined and restrained from directly or indirectly:

(a) using the trade name "Pets.TV" or any other name, word, symbol, device or mark which colorably simulates Pets TV's PETSTV, PETSTV.COM, and PETS TV trademarks, which is likely to cause confusion, mistake or to deceive;

(b) using the domain name [www.pets.tv](www.pets.tv) or any other domain name which colorably simulates Pets TV's PETSTV, PETSTV.COM, and PETS TV trademarks, which is likely to cause confusion, mistake or to deceive;

(c) providing, selling, offering for sale, advertising, or promoting any service bearing the PETSTV, PETSTV.COM, and PETS TV trademarks, or any simulation, reproduction, copy, or colorable imitation thereof;

(d) using any false designation of origin, or performing any act which can, or is likely to lead, members of the trade or public to believe that any service provided, advertised, or sold by Defendant is any way associated or connected with Pets TV or is sold, licensed, sponsored, approved or authorized by Pets TV;

(e) transferring, consigning, using, or otherwise moving any advertisements or marketing materials in Defendant's possession, custody or control bearing any mark that is substantially similar or identical to Pets TV's PETSTV, PETSTV.COM, and PETS TV trademarks or disposing of in any way Defendant's records relating to the advertisement, marketing, or sale of services in connection with any marks confusingly similar to Pets TV's PETSTV, PETSTV.COM, and PETS TV trademarks;

10

(f) engaging in any activity constituting unfair competition with Pets TV, or with Pets TV's rights in, or to use, or exploit, the PETSTV, PETSTV.COM, and PETS TV trademarks, or causing injury to Pets TV's name, reputation or goodwill; and

(g) assisting, aiding or abiding any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (a) through (f) above.

3. Directing that Defendant deliver up for destruction all products, labels, signs, prints, packaging, wrappers, advertisements, promotional materials, catalogues, brochures, information sheets, web site materials, or other printed or graphic materials of any type in its possession or control bearing any of the matter enjoined under Paragraph 2 hereof.

4. Directing Defendant to account for and pay over to Pets TV all of the profits realized by Defendant as a result of its conduct in such an amount as may be determined at trial.

5. Awarding Pets TV actual damages sustained by reason of said acts of infringement and unfair competition complained of herein in such amount as may be determined at trial, to be trebled in accordance with 15 U.S.C. § 1117.

6. Awarding punitive damages against Defendant and in favor of Pets TV in amount to be determined at trial for the intentional, willful and wanton acts of Defendant.

7. Awarding Pets TV its reasonable attorneys' fees and costs herein.

8. Granting Pets TV such other and further relief as the Court may deem just and proper.

This the 29th day of May, 2009.

/s/ Richard A. Coughlin
N.C. State Bar No. 19894
E-mail: rick.coughlin@smithmoorelaw.com

/s/ Kimberly B. Gatling
N.C. State Bar No. 27234
E-mail: kim.gatling@smithmoorelaw.com

Attorneys for Plaintiff Pets TV, Inc.
SMITH MOORE LEATHERWOOD LLP
300 N. Greene Street, Suite 1400
Post Office Box 21927
Greensboro, NC 27420
Telephone: (336) 378-5200
Facsimile: (336) 378-5400

12